# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| EDWARD DANE JEFFUS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11CV326 |
| v. | ) | 6:92CR184-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a host of motions for consideration. The primary motion is titled as a "Motion for Relief from Judgment and Specific Performance/Enforcement of Plea Agreement and/or Independent Action in Equity" (hereinafter Motion for Relief). (Docket No. 206.) In that motion, Petitioner is largely attacking his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling. The motion therefore must be construed as a motion to vacate sentence under 28 U.S.C. § 2255. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003). As such, Petitioner's pleading is defective because he has failed to file his claims on the proper § 2255 forms. *See* Rules Governing Section 2255 Proceedings Rule 2(b).

There is no need to put Petitioner through the work of submitting his claims on the proper forms because Court records reveal that Petitioner has already challenged this

conviction in a previous § 2255 motion. [6:95CV227] Therefore, to the extent that is a motion under § 2255, the present pleading should be dismissed for lack of jurisdiction due to Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive § 2255 action, as is required by 28 U.S.C. § 2255. *See Winestock*, 340 F.3d at 200.

Portions of Petitioner's motion also appear to truly be an attack under Rule 60(b)(4) on the later judgments in prior § 2255 motions or an "independent action." It is true that Fed. R. Civ. P. 60(b)(4) allows a judgment to be vacated if it is void. This is an "extraordinary [remedy] and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co.,* 608 F.2d 96, 102 (4th Cir. 1979). In considering whether to vacate a judgment under Rule 60(b), "courts must engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* Challenges under Rule 60 can be bought as motions or independent actions, but even as the latter, it is not the function of an independent action to relitigate issues finally determined in another action between the same parties or to ask the court to change its mind. 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2868 at 398 (2d ed. 1995 & Supp. 2008). Here, Petitioner does nothing more than reargue prior facts and rulings and ask the Court to change its mind. For this reason, Petitioner's motion should be denied to the extent that it is a motion under Rule 60 or an "independent action."

Petitioner has also filed a motion seeking the recusal of judges who have been previously involved in his case and motions. (Docket No. 208.) Recusal is required only where "'another with knowledge of all of the circumstances might reasonably question the judge's impartiality.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)(quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir.1987)). Merely ruling against a party does not show impartiality or bias. *Liteky v. United States*, 510 U.S. 540 (1994). Petitioner cites no valid grounds for recusal in this case. His motion will be denied.

Petitioner's next motion is entitled "Motion to Take Judicial Notice of Adjudicative Facts." (Docket No. 209.) Attached to that motion is a mass of documents from this Court and others. Petitioner seeks to have the court take "judicial notice" of facts and legal conclusions that he claims are supported by the documents. He believes that these "facts" will support his independent action. As already stated, that independent action should be denied. Therefore, this motion will also be denied for being moot.

The same is true for other motions Petitioner has filed: a motion seeking summary judgment on his Motion for Relief from Judgment (Docket No. 210), a motion seeking to amend his Motion for Relief (Docket No. 212), and a Motion to Expand the Record (Docket No. 213). Clearly, Petitioner is not entitled to summary judgment and that motion should be denied. As for the motions to amend and to expand the record, neither will affect the denial of the Motion for Relief. Therefore, they too are denied.

Petitioner's has also filed a "Motion for Ruling on Motion to Suppress and/or Review on the Issue Preserved" (Docket No. 214) and a supporting memorandum (Docket No. 215). These constitute yet another attempt to have the Court rule on matters that were, or could have been, raised in earlier motions. It should be denied for the same reasons as the Motion for Relief.

Petitioner next seeks to have these matters held in abeyance until completion of a case he has filed in the United States District Court for the Middle District of Florida. (Docket No. 217.) The case in Florida is *Jeffus v. Attorney General for the State of Florida*, Case No. 6:10-cv-1174-JA-DAB. A review of the record in that case reveals that it was a civil complaint which has now been construed as a motion under Fed. R. Civ. P. 60 attacking the dismissal of a petition for a writ of habeas corpus entered in case 6:97-cv-448-Orl-22GJK. (6:10-cv-1174-JA-DAB, Docket No. 11.) Further, the State of Florida has filed a response stating that the case is part of a long chain of litigation by Petitioner and that, much like Petitioner's recent filings in this Court, it is a Rule 60 motion/independent action based on allegations of "fraud on the court" which have no merit. (*Id.*, Docket No. 12.) There is no indication of any real prospect of success for Petitioner in the Florida action. Instead, it appears to be yet another futile attempt by Petitioner to change the outcome of prior litigation. There is no reason to stay the present action based upon the Florida case. The motion to stay is denied.

Finally, Petitioner submitted what he has labeled as a "Complaint for Independent Action in Equity" under Fed. R. Civ. P. 60(d)(1). (Docket No. 218.) As with many of his prior filings, he again seeks to attack his original criminal conviction by seeking specific performance of the terms of his plea agreement. To the extent that he seeks to do this, he may not proceed under the Federal Rules of Civil Procedure, but must file under § 2255. Of course, any such filing would be a second or successive motion under § 2255 and Petitioner has not received permission to make such a filing. Further, to the extent that Petitioner is challenging any prior judgments in § 2255 motions that he has filed, Petitioner could proceed under Rule 60. Nevertheless, Petitioner is simply continuing to raise forms of arguments raised in prior pleadings. As already stated, they do not have merit. Therefore, to the extent that Petitioner is proceeding in a motion or independent action under Rule 60, his claims should be denied. On a final note, Petitioner sent a $350.00 filing fee along with this pleading, which he sought to file as a separate case. There is no filing fee associated with a § 2255 motion or a motion under Rule 60 challenging a prior § 2255 ruling. Therefore, the Complaint for Independent Action in Equity will be docketed in Petitioner's criminal case and the filing fee will be returned to Petitioner.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Relief from Judgment and Specific Performance/Enforcement of Plea Agreement and/or Independent Action in Equity (Docket No. 206) and Complaint for Independent Action in Equity (Docket No. 218) be construed partially as motions under § 2255 and partially as motions under Fed.

R. Civ. P. 60 and/or independent actions, that the § 2255 portions of the motions be dismissed *sua sponte* for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and Fourth Circuit Local Rule 22(d), and that the other portions of the motions/independent actions be denied.

**IT IS FURTHER RECOMMENDED** that Petitioner's Motion for Summary Judgment (Docket No. 210) and Motion for a Ruling on Motion to Suppress and/or Review on the Issue Preserved (Docket No. 214) be denied.

**IT IS ORDERED** that Petitioner's Motion for Recusal (Docket No. 208), Motion to Take Judicial Notice of Adjudicative Facts (Docket No. 209), Motion to Amend and Supplement Action (Docket No. 212), Motion to Expand the Record (Docket No. 213), and Motion to Stay and Hold in Abeyance (Docket No. 217) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

**IT IS FURTHER ORDERED** that the Clerk return to Petitioner the $350.00 filing fee that Petitioner sent to the Court accompanying his Complaint for Independent Action in Equity.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 2, 2011