IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDWARD DANE JEFFUS, )
 )
 Petitioner, )
 ) 1:13CV446
 v. ) 6:92CR184-2
 )
UNITED STATES OF AMERICA, )
 )
 Respondent. )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, has submitted a Motion [Doc. #260] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as a Motion to Amend [Doc. #263] the § 2255 Motion. Petitioner's Motion to Amend will be granted. However, the § 2255 Motion cannot be further processed because court records reveal that Petitioner previously attacked the same conviction and sentence in a prior § 2255 motion (No. 6:95CV227). Consequently, Petitioner must move in the Fourth Circuit Court of Appeals for an order authorizing this district court to consider the current Motion. See 28 U.S.C. § 2255; 28 U.S.C. § 2244; AO 243 (MDNC 10/07), Instructions, ¶ (4) (enclosed). Because of this pleading failure, this particular § 2255 Motion should be filed and then dismissed.

Petitioner has also filed a Motion [Doc. #262] seeking relief from the prior Judgment denying his original § 2255 motion. He moves under Federal Rule of Civil Procedure

60(b)(5) or (6) based on what he claims is a change in decisional case law that affects the original denial of his § 2255 Motion. Rule 60(b)(5) applies where a judgment "has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Rule 60(b)(6) applies if there is "any other reason that justifies relief," which requires a showing of extraordinary circumstances. Fed. R. Civ. P. 60(b).

However, in this case, the Judgment denying Petitioner's original § 2255 Motion has not been satisfied, released, or discharged, nor is applying it no longer equitable. Petitioner appears to argue that the decision of the United States Court of Appeals for the Fourth Circuit denying his direct appeal, United States v. Jeffus, 22 F.3d 554 (4th Cir. 1994), was recently abrogated by the United States Supreme Court in Maryland v. King, 133 S. Ct. 1958 (2013). However, Petitioner has not shown that any prior judgment has actually been reversed or vacated. Moreover, a change in decisional law which occurs subsequent to the entry of judgment does not qualify as a basis for relief under Rule 60(b)(5) or Rule 60(b)(6). Dowell v. State Farm Fire and Cas. Auto. Ins. Co., 993 F.2d 46 (4th Cir. 1993).[1] In these

---

[1] In the § 2255 context, changes in the law are addressed under § 2255(h), which provides that a new rule of constitutional law, made retroactively applicable on collateral review, may form the basis for a request to the Court of Appeals for authorization to file a second or successive § 2255 motion. 28 U.S.C. § 2255(h). Alternatively, a petitioner may attempt to proceed under 28 U.S.C. § 2241 by establishing that 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention by showing that (1) at the time of his conviction, the settled law of the applicable circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted was deemed not to be criminal; and (3) he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In this case, Petitioner does not attempt to satisfy these criteria, and in particular does not attempt to establish that the substantive law has changed such that the conduct for which he was convicted is deemed not to be criminal.

circumstances, having reviewed Petitioner's submissions, the Court concludes that the contentions raised by Petitioner do not state a viable claim for relief under Rule 60(b)(5), and do not represent extraordinary circumstances under Rule 60(b)(6).[2] Therefore, Petitioner's Rule 60(b) Motion should be denied.

Finally, Petitioner filed a Motion [Doc. #264] to be released on bail pending a decision on the claims raised in his § 2255 and Rule 60(b) Motions. Just as those Motions should be denied, so too should his Motion seeking release.

IT IS THEREFORE ORDERED that Petitioner's Motion to Amend [Doc. #263] is GRANTED.

IT IS FURTHER ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the Court of Appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion, which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

IT IS RECOMMENDED that Petitioner's § 2255 Motion [Doc. #260], as amended, be filed and then dismissed *sua sponte* for failure to obtain certification for this § 2255

---

[2] The Court notes, moreover, that it does not appear that King represented a change in decisional case law that affects Petitioner's case in any event. King upheld warrantless administrative DNA collections from persons arrested on felony charges. Petitioner's direct appeal held, based on Hudson v. Palmer, 468 U.S. 517, 526-27 (1984), that Petitioner had no expectation of privacy in his jail cell. Not only are these very different scenarios, but in both cases the searches or seizures were upheld.

application by filing a Motion for Authorization in the Court of Appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

IT IS FURTHER RECOMMENDED that Petitioner's Motion for Relief from Judgment [Doc. #262] under Federal Rule of Civil Procedure 60(b) and Motion for Release on Bail [Doc. #264] be denied.

This, the 29th day of October, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge