IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDWARD DANE JEFFUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:13CV446 |
| v. | ) | 6:92CR184-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, previously submitted a Motion [Doc. #260] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, a Motion to Amend [Doc. #263] the § 2255 Motion, and a Motion [Doc. #262] under Fed. R. Civ. P. 60(b)(5) and (6) seeking relief from the judgment in a prior § 2255 motion. The undersigned granted Petitioner's Motion to Amend, but recommended that the Rule 60 Motion be denied and that the new § 2255 Motion, as amended, be dismissed because court records revealed that Petitioner previously attacked the same conviction and sentence in a prior § 2255 motion (No. 6:95CV227). (See October 29, 2013 Recommendation and Order [Doc. #265].)

Petitioner next filed yet another Motion for Relief from Judgment [Doc. #270] under Rule 60, this time relying on Rule 60(b)(4), which allows the Court to grant relief from a judgment where "the judgment is void." Petitioner also submitted Objections [Doc. #271] to the prior Recommendation and Order and another Motion to Amend [Doc. #272], seeking to further amend his recent § 2255 Motion.

Petitioner's latest Rule 60 Motion [Doc. #270] asserts that the Judgment denying his original § 2255 Motion is "void for lack of subject-matter jurisdiction." Petitioner's theory appears to be that the Government argued a particular set of facts and contentions while opposing a motion to suppress filed by Petitioner. When Petitioner lost that motion, he then pled guilty, but reserved the right to contest the denial of the suppression motion through a direct appeal. On appeal, the Government allegedly changed its arguments and the supporting facts, which Petitioner believes rendered his plea involuntary. Petitioner further contends that the United States Court of Appeals for the Fourth Circuit issued a legally incorrect opinion affirming the denial of the motion to suppress. Petitioner concludes that "the § 2255 court did not have subject-matter jurisdiction over the merits of any claim, unless and until some court overruled the [allegedly erroneous portion of] the decision of the Fourth Circuit," thereby allowing a challenge to the denial of the direct appeal to be heard in a § 2255 proceeding. Otherwise, a challenge to the decision on direct appeal would be barred on collateral review. See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

Petitioner is correct that, under Boekenhaupt, this Court could not grant his claims as part of his § 2255 Motion absent a change in law or other appropriate circumstances. In fact, Petitioner's claims involving the contested search were denied for that very reason. (See Recommendation [Doc. #82] at 5.) However, that does not mean that the Court did not have jurisdiction over the § 2255 Motion. In this case, the Court had jurisdiction over the original § 2255 Motion, and the Judgment denying Petitioner's original § 2255 Motion is not void.

For this reason, Petitioner's argument under Rule 60(b)(4) fails and his latest Motion for Relief from Judgment should be denied.

Turning now to Petitioner's Motion [Doc. #272] seeking to further amend his current § 2255 Motion, that Motion should also be denied. As the Court stated in the prior Recommendation and Order (and in many other rulings issued since the denial of Petitioner's original § 2255 Motion), Petitioner may not raise a second or successive § 2255 motion for consideration by this Court unless and until Petitioner receives permission from the Fourth Circuit to file those claims. 28 U.S.C. §§ 2255(h), 2244(b). In the present Motion to Amend, Petitioner now seeks to add claims for relief that further challenge the search discussed above based on the same or similar arguments. In the Motion to Amend, Petitioner states that he does not need prior permission to proceed with his claim for relief because it was not "ripe" at the time of his prior § 2255, but that it is now ripe because of the reasoning in recent Fourth Circuit and Supreme Court cases.[1] However, the fact that a petitioner's claim was not supported by case law at the time he raised it does not mean that the claim was not ripe. Likewise, nothing in Petitioner's argument changes the fact that he raised a prior § 2255 motion attacking his conviction and sentence and that this Court denied the motion. Petitioner's current § 2255 Motion, even with the proposed amendment, is still

---

[1] Petitioner contends that the decision of the United States Court of Appeals for the Fourth Circuit denying his direct appeal, United States v. Jeffus, 22 F.3d 554 (4th Cir. 1994), has been "implicitly overruled" and was "not based on the law established by the Supreme Court," in light of statements of the Solicitor General in his brief and at the oral arguments in Maryland v. King, 133 S. Ct. 1958 (2013). However, even if considered, these contentions would not provide a basis for this Court to entertain a challenge to the decision of the Fourth Circuit denying Petitioner's direct appeal.

a second or successive motion for which he must obtain permission from the Fourth Circuit. To the extent that Petitioner is arguing that new precedent or new facts provide him with a basis to pursue his claims, clear mechanisms for raising those types of arguments exist in § 2255(h) and § 2244(b). Petitioner must employ those methods for raising his claim or claims, not continue to file in this Court under Rule 60 or § 2255 without prior permission from the Fourth Circuit. Thus, Petitioner's request to amend the pending § 2255 Motion is futile and should be denied.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion for Relief from Judgment [Doc. #270] under Fed. R. Civ. P. 60(b)(4) and Petitioner's Motion to Amend [Doc. #272] be denied.

This, the 16th day of December, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge