IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EDWARD DANE JEFFUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:13CV446 |
| v. | ) | 6:92CR184-2 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, previously submitted a Motion [Doc. #260] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, a Motion to Amend [Doc. #263] the § 2255 Motion, a Motion [Doc. #262] under Fed. R. Civ. P. 60(b)(5) and (6) seeking relief from the judgment in a prior § 2255 motion, and Motion for Release from Custody [Doc. #264]. The undersigned granted Petitioner's Motion to Amend, but recommended that the Rule 60 Motion be denied, that the new § 2255 Motion, as amended, be dismissed because court records revealed that Petitioner previously attacked the same conviction and sentence in a prior § 2255 motion (No. 6:95CV227), and that the Motion for Release be denied. (Recommendation and Order [Doc. #265].)

Petitioner next filed yet another Motion for Relief for Judgment [Doc. #270] under Rule 60, this time relying on Rule 60(b)(4), which allows the Court to grant relief from a judgment where "the judgment is void." He also submitted Objections [Doc. #271] to the prior Recommendation and Order and another Motion to Amend [Doc. #272] his recent

§ 2255 Motion. The undersigned then entered a Recommendation [Doc. #273] that the Motion for Relief and Motion to Amend be denied.

Petitioner objected to that Recommendation as well, but also filed a Renewed Motion for Release on Bail [Doc. #281] and a further Motion to Amend and/or Supplement [Doc. #282] his Rule 60 Motion to add a claim under a recent case from the United States Supreme Court. Those Motions are now before the Court. Turning first to Petitioner's Motion to Amend, it is nothing more than a further effort by Petitioner to raise claims using recent case law. As explained to Petitioner in the past, whether his current filing reargues his old claims, contains entirely new claims, or relies on new facts or case law to establish old claims, it is still a second or successive motion for which he must obtain permission from the Fourth Circuit. 28 U.S.C. §§ 2255(h), 2244(b). Any attempt to amend the pending § 2255 Motion or his prior Rule 60 Motion is futile and should be denied. As for Petitioner's Renewed Motion for Release on Bail pending a decision on the claims raised in his § 2255 and Rule 60(b) Motions, it should be denied given that those claims are not properly before the Court and have been recommended for dismissal.

IT IS THEREFORE RECOMMENDED that Petitioner's Renewed Motion for Release on Bail [Doc. #281] and Petitioner's Motion to Amend [Doc. #282] be denied.

This, the 14th day of November, 2014.

                  /s/ Joi Elizabeth Peake  
                United States Magistrate Judge