IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EDWARD DANE JEFFUS,            )
                               )
         Petitioner,           )
                               )     6:92-cr-184-2
    v.                         )     1:24-cv-789
                               )
UNITED STATES OF AMERICA,      )
                               )
         Respondent.           )

## ORDER

This matter is before the court for review of the Recommendation and Order ("Recommendation") filed on December 2, 2024, by the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 423.) The Magistrate Judge construes Petitioner's filings, (Docs. 419, 420), as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and finds that Petitioner's pleadings are defective because he failed to file his claims on the proper § 2255 forms. The Magistrate Judge recommends dismissal of this action for lack of jurisdiction because of Petitioner's failure to obtain permission from the Fourth Circuit for a second or successive § 2255 action, as is required by 28 U.S.C. § 2244 and 28 U.S.C. § 2255. The Recommendation was served on the parties in this action on December 2, 2024. (Doc. 424.) Petitioner filed objections to the Recommendation within the time limit

prescribed by Section 636. (Doc. 429.)

Petitioner, in his objections nevertheless contends that he is not seeking to attack his criminal judgment and is instead seeking to attack the judgment in the § 2255 proceeding from 30 years ago under Rule 60(b)(4). See Jeffus v. United States, 6:95-cv-227, 6:92-cr-184-2. Federal Rule of Civil Procedure 60(b)(4) allows a judgment to be vacated if it is void. Petitioner contends that the § 2255 Judgment was void because the § 2255 decision (1) failed to address the merits of certain claims, (2) concluded that no evidentiary hearing was necessary, (3) was improperly based on the judgment of the court of appeals, and (4) was a product of fraud on the court. In his objections, Plaintiff also contends that the decision failed to consider certain facts or testimony. None of Petitioner's assertions establish a basis for finding that the decision was void. Indeed, Petitioner has repeatedly raised these same issues, and they have been repeatedly rejected, including in prior Recommendations. (See Docs. 169, 219, 273, 306.) There is no basis for relief under Rule 60(b)(4).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or

- 2 -

Case 6:92-cr-00184-WO    Document 432    Filed 03/02/26    Page 2 of 4

modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which the objections were made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. Petitioner's objections warrant no relief. This court therefore adopts the Recommendation.

Petitioner has also filed a Motion to Expedite Ruling on Objections and/or Request for Status Report and for Leave to File Via Pacer for Any Future Proceedings, (Doc. 430.) The motion to expedite is now moot and will be denied. After careful review, Petitioner's motion to file electronically will be denied. Petitioner has not demonstrated an ability to comply with the Administrative Procedures Governing the Filing and Service by Electronic Means.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 423), is **ADOPTED. IT IS FURTHER ORDERED** that this action is **DISMISSED** due to Petitioner's failure to obtain certification from the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255, and Fourth Circuit Local Rule 22(d).

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expedite Ruling on Objections and/or Request for Status Report and for Leave to File Via Pacer for Any Future Proceedings, (Doc. 430), is **DENIED**.

The court further finds there is no substantial showing of the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, therefore a certificate of appealability is not issued.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 2nd day of March, 2026.

_William L. Osteen, Jr._
United States District Judge